WO                                                                                    SC

1

2

3

4

5

6                          **IN THE UNITED STATES DISTRICT COURT**

7                              **FOR THE DISTRICT OF ARIZONA**

8

9    Glen Wilson,                                  No.   CV 19-08306-PCT-JAT (DMF)

10                        Plaintiff,

11   v.                                            **ORDER**

12   Yuri M. Lewicky, et al.,

13                        Defendants.

14

15         Plaintiff Glen Wilson, who is confined in the Federal Correctional Institution in

16   Phoenix, Arizona, filed a pro se civil rights Complaint (Doc. 1) pursuant to 28 U.S.C.

17   § 1331 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403

18   U.S. 388 (1971), and an Application to Proceed In Forma Pauperis (Doc. 4).  The Court

19   granted the Application and dismissed the Complaint (Doc. 6).[1]  Plaintiff has filed

20   "Plaintiff's Amended Complaint" (hereafter, "First Amended Complaint") (Doc. 9).  In the

21   First Amended Complaint, Plaintiff cites 28 U.S.C. § 1331 and medical malpractice as the

22   bases for subject matter jurisdiction.  As discussed below, Plaintiff fails to allege facts to

23   support that this Court has federal question subject matter jurisdiction under 28 U.S.C.

24   § 1331.  Accordingly, the Court will dismiss the First Amended Complaint with leave to

25   amend using the court-approved form complaint for use by prisoners.

26   _____

27         [1] In the Order, the Court indicated that it was dismissing the Complaint with leave
     to amend, but the final page of the Order dismissed the Complaint and this action and
28   Judgment was entered by the Clerk of Court (Doc. 8).  The Court will vacate entry of
     Judgment and order this case reopened.

1    **I.      Statutory Screening of Prisoner Complaints**

2          The Court is required to screen complaints brought by prisoners seeking relief

3    against a governmental entity or an officer or an employee of a governmental entity.  28

4    U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff

5    has raised claims that are legally frivolous or malicious, that fail to state a claim upon which

6    relief may be granted, or that seek monetary relief from a defendant who is immune from

7    such relief.  28 U.S.C. § 1915A(b)(1)-(2).

8          A pleading must contain a "short and plain statement of the claim *showing* that the

9    pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does

10   not demand detailed factual allegations, "it demands more than an unadorned, the-

11   defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

12   (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere

13   conclusory statements, do not suffice."  *Id.*

14         "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

15   claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,

16   550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content

17   that allows the court to draw the reasonable inference that the defendant is liable for the

18   misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for

19   relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial

20   experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual

21   allegations may be consistent with a constitutional claim, a court must assess whether there

22   are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

23         But as the United States Court of Appeals for the Ninth Circuit has instructed, courts

24   must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342

25   (9th Cir. 2010).  A "complaint [filed by a pro se prisoner] 'must be held to less stringent

26   standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551

27   U.S. 89, 94 (2007) (per curiam)).

28         If the Court determines that a pleading could be cured by the allegation of other

facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Plaintiff's First Amended Complaint will be dismissed for lack of subject matter jurisdiction with leave to amend because it may possibly be amended to support subject matter jurisdiction.[2]

## II.   First Amended Complaint

In his one-count First Amended Complaint, Plaintiff asserts a claim for medical malpractice.  Plaintiff sues Dr. Yuri Lewicky, an orthopedic surgeon, and Northern Arizona Orthopaedics Hospital, Ltd. ("Hospital"), a hospital with which Dr. Lewicky is or was affiliated.[3]  Plaintiff does not allege the relief sought in his First Amended Complaint, but he sought compensatory and punitive relief in his Complaint.

### A.   Background

Plaintiff was convicted of federal offenses on April 26, 2006 and sentenced to prison for five years followed by supervised release for five years.  *United States v. Wilson*, No.3:05cr00657-PCT-JAT (D. Ariz. Apr. 26, 2006), Doc. 43.  Plaintiff was released on supervised release after completing his prison term, but his supervised release has been revoked multiple times for violations of the terms of that release.  *Id.*, Docs. 87, 103, 107 (amended order), 124, and 140.  At the time of the events at issue in the First Amended Complaint, Plaintiff was on supervised release.  Subsequent to the events at issue in the First Amended Complaint, Plaintiff was again charged with violating the conditions of his supervised release and on August 24, 2018, the Court revoked supervised release and sentenced Plaintiff to serve 36 months in prison.  *Id.*, Doc. 140.  While in prison, Plaintiff filed this action.

---

[2] Plaintiff states that his Complaint was dismissed because he sought relief pursuant to 42 U.S.C. § 1983, rather than 28 U.S.C. § 1331.  Plaintiff mischaracterizes the reasons for dismissal.  Claims under either *Bivens*, § 1983, or the Federal Tort Claims Act, are all predicated on federal question subject matter jurisdiction under 28 U.S.C. § 1331. However, Plaintiff did not seek relief for acts taken by persons acting under color of state law and did not, therefore state a claim under § 1983.

[3] *See* https://www.northazortho.com/ (last accessed Apr. 7, 2020).

1          **B.**     **Plaintiff's Allegations**

2          Except as otherwise indicated, Plaintiff alleges the following:

3          On June 7, 2016, while on supervised release, Plaintiff injured his left knee and was

4  seen in the emergency room of Indian Health Service[4] in Fort Defiance, Arizona.[5]  Dr.

5  Oseni ordered an MRI of Plaintiff's left knee, which was performed on June 16, 2016.

6  Plaintiff returned home with instructions to use crutches, to stay off his feet as much as

7  possible, and to elevate and ice his left knee.  Plaintiff received a "referral from Dr.

8  Marshall L. Cook, to report to Northern Arizona Orthopedic Hospital" ("the Hospital").

9  (Doc. 9 at 2.)  Plaintiff reported to the Hospital on August 22, 2016 for examination.  Dr.

10  Bourck Cashmore referred Plaintiff to Defendant Dr. Lewicky.  On August 25, 2016,

11  Plaintiff visited Dr. Lewicky, who recommended arthroscopic assisted ACL (anterior

12  cruciate ligament) and PCL (posterior cruciate ligament) reconstruction in addition to open

13  MCL (medial collateral ligament) and posterior oblique ligament reconstruction and

14  removal of tibial hardware, which would require an overnight stay.  The surgery was

15  ordered and, apparently, performed.  Plaintiff does not allege whether Dr. Lewicky is or

16  was a federal employee or in any way affiliated with Indian Health Service.  Similarly,

17  Plaintiff does not allege that the Hospital is or was an Indian Health Service, or other

18  federal, facility.  Plaintiff does not identify any injury he suffered as the result of

19  Defendants' conduct in his First Amended Complaint, but in his Complaint, Plaintiff

20  alleged that his surgical wound never completely closed or healed and that he was in

21  constant pain.

22  **III.**    **Subject Matter Jurisdiction**

23          Federal courts are courts of limited jurisdiction and only have subject matter

24  jurisdiction over matters authorized by the Constitution and Congress.  A federal district

25

26          [4]  The Indian Health Service is a division of the Public Health Service of the United

27  States Department of Health and Human Services.  *Benavidez v. United States*, 177 F.3d 927, 928 n.1 (10th Cir. 1999).

28          [5]  Plaintiff is Native American.  *See* https://www.bop.gov/inmateloc/, search Register# 83048-008 (last accessed Apr. 8, 2020).

court, like this one, may only exercise subject matter jurisdiction based on federal question subject matter jurisdiction under 28 U.S.C. § 1331 or diversity subject jurisdiction under 28 U.S.C. § 1332.

Section 1331 provides that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff asserts a claim for medical malpractice, but he fails to identify how a medical malpractice claim arises under the Constitution, laws, or treaties of the United States. Plaintiff does not allege that Dr. Lewicky was a federal employee or even affiliated with Indian Health Care Services, nor has Plaintiff alleged that the Hospital was a federal facility.

*Assuming* either Dr. Lewicky or the Hospital were affiliated with Indian Health Service, or another federal entity, Plaintiff's medical malpractice claim may arise under the Federal Tort Claims Act (FTCA) for purposes of federal question subject matter jurisdiction. *See Benavidez v. United States*, 177 F.3d 927, 930 (10th Cir. 1999) (FTCA applied to claim that government psychologist was negligent); *Simmons v. United States*, 805 F.2d 1363 (9th Cir. 1996) (holding that health service counselor was acting within scope of his employment in providing mental health counseling to patient when he wrongfully engaged her in a sexual relationship, and thus government was liable to patient under FTCA on theory of respondeat superior). *But see Tsosie v. United States*, 452 F.3d 1161, 1165 (10th Cir. 2006) (physician at Indian Health Service facility working under non-personal services contract at emergency room was an independent contractor and could not be sued under the FTCA); *Woodruff v. Covington*, 389 F.3d 1117, 1128-29 (10th Cir. 2004) (FTCA did not extend to independent contractor physicians); *Carrillo v. United States*, 5 F.3d 1302, 1305 (9th Cir. 1993) (same); *Bernie v. United States*, 712 F.2d 1271, 1273-74 (8th Cir. 1983) (where IHS did not supervise day-to-day operations of physicians employed by independent contractor, FTCA did not afford basis for relief); *Yoe v. United States*, No. CV18-08112-PCT-SPL, 2019 WL 3501457, at *3 (D. Az. Aug. 1, 2019) (physicians practicing medicine under contract in federal facilities qualify as independent contractors under the FTCA, not government employees.).

1    The FTCA authorizes "claims against the United States, for money damages . . . for

2    injury or loss of property . . . caused by the negligent or wrongful act or omission of any

3    employee of the Government while acting within the scope of his office or employment."

4    28 U.S.C. § 1346(b).   Specifically, the FTCA waives the United States' sovereign

5    immunity from suit for injury or loss of property, or personal injury or death caused by the

6    negligent or wrongful act or omission of any employee of the Government while acting

7    within the scope of his or her office or employment, under the circumstances where the

8    United States, if a private person, would be liable to the claimant in accordance with the

9    law of the place where the act or omission occurred.   28 U.S.C. § 1346(b)(1).   Thus, relief

10   under the FTCA may be sought for negligent acts or omissions of employees or agents of

11   the federal government.   *See Vander v. U.S. Dep't of Justice*, 268 F.3d 661, 663 (9th Cir.

12   2001); *Westbay Steel, Inc. v. United States*, 970 F.2d 648, 651 (9th Cir. 1992).   Claims

13   under the FTCA may only be brought against the United States.   28 U.S.C. §§ 1346(b),

14   2679(a); *Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984) (individual

15   agencies of the United States may not be sued).

16   Under the statutory procedure set forth in 28 U.S.C. § 2675(a), a "tort claimant may

17   not commence proceedings in court against the United States without first filing his claim

18   with an appropriate federal agency *and either receiving a conclusive denial of the claim*

19   *from the agency or waiting for six months to elapse without a final disposition of the claim*

20   *being made*."   *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir. 1992) (emphasis added);

21   *see Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000) (a claimant under the FTCA

22   must comply with § 2675(a) before a district court can exercise subject matter jurisdiction

23   over the claim); *Caton v. United States*, 495 F.2d 635, 638 (9th Cir. 1974).   The Ninth

24   Circuit Court of Appeals has "repeatedly held that this 'claim requirement of section 2675

25   is jurisdictional in nature and may not be waived.'"   *Jerves*, 966 F.2d at 519 (quoting *Burns*

26   *v. United States*, 764 F.2d 722, 724 (9th Cir. 1985)).

27   Plaintiff has not identified a basis for bringing his medical malpractice claim in

28   federal court because he has not alleged facts to support that either Defendant was a federal

employee or facility, or that either acted negligently.  For that reason, the Court will dismiss the First Amended Complaint for lack of subject matter jurisdiction.  *If* Plaintiff elects to seek relief under the FTCA, Plaintiff must name the United States as the defendant and allege facts to support that Dr. Lewicky or the Hospital were either a federal employee or facility and facts to support how each acted negligently.  In addition, Plaintiff must allege when and how he submitted a claim to the appropriate federal entity and either identify when his claim was conclusively denied or allege that six months have elapsed without a final disposition of his FTCA claim.

## IV.     Leave to Amend

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for lack of subject matter jurisdiction.  Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."  **The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference.**  Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint or First Amended Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

1   **V.      Warnings**

2          **A.      Release**

3          If Plaintiff is released while this case remains pending, and the filing fee has not

4   been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court

5   that he intends to pay the unpaid balance of his filing fee within 120 days of his release or

6   (2) file a *non*-prisoner application to proceed in forma pauperis.  Failure to comply may

7   result in dismissal of this action.

8          **B.      Address Changes**

9          Plaintiff must file and serve a notice of a change of address in accordance with Rule

10  83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other

11  relief with a notice of change of address.  Failure to comply may result in dismissal of this

12  action.

13         **C.      Possible Dismissal**

14         If Plaintiff fails to timely comply with every provision of this Order, including these

15  warnings, the Court may dismiss this action without further notice.  *See Ferdik*, 963 F.2d

16  at 1260-61 (a district court may dismiss an action for failure to comply with any order of

17  the Court).

18  **IT IS ORDERED:**

19         (1)     The Clerk of Court must **vacate** the entry of Judgment (Doc. 8) on January

20  21, 2020 and **reopen** this case.

21         (2)     The First Amended Complaint (Doc. 9) is **dismissed** for lack of subject

22  matter jurisdiction.  Plaintiff has **30 days** from the date this Order is filed to file a second

23  amended complaint in compliance with this Order.

24         (3)     If Plaintiff fails to file a second amended complaint within 30 days, the Clerk

25  of Court must, without further notice, enter a judgment of dismissal of this action without

26  prejudice for lack of subject matter jurisdiction and deny any pending unrelated motions

27  as moot.

28  . . . .

(4)      The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

Dated this 20th day of April, 2020.

James A. Teilborg
Senior United States District Judge

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.   The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.   These complaints typically concern, but are not limited to, conditions of confinement.   **This form should not be used to challenge your conviction or sentence**.   If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.   **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**   The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.   You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.   You do not need to cite law.

3. <u>Your Signature</u>.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing and Administrative Fees</u>.   The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).   If you are unable to immediately pay the fees, you may request leave to proceed in forma pauperis.   Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court In Forma Pauperis Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.   You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6. <u>Where to File</u>.   You should file your complaint in the division **where you were confined when your rights were allegedly violated**.   *See* LRCiv 5.1(a) and 77.1(a).   If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.   If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division. If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.   **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed in forma pauperis to:**

Revised 3/11/16

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona   85003-2119 | | Tucson, Arizona   85701-5010 |

7.   <u>Change of Address</u>.   You must immediately notify the Court and the defendants in writing of any change in your mailing address.   **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.   <u>Certificate of Service</u>.   You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed in forma pauperis). Each original document (except the initial complaint and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.   *See* Fed. R. Civ. P. 5(a), (d).   Any document received by the Court that does not include a certificate of service may be stricken.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**
      A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name: _____
> Address:_____
>             Attorney for Defendant(s)
>
> _____
> (Signature)

9.   <u>Amended Complaint</u>.   If you need to change any of the information in the initial complaint, you must file an amended complaint.   The amended complaint must be written on the court-approved civil rights complaint form.   You may file one amended complaint without leave (permission) of Court within 21 days after serving it or within 21 days after any defendant has filed an answer, whichever is earlier.   *See* Fed. R. Civ. P. 15(a).   Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.   LRCiv 15.1.   In addition, an amended complaint may not incorporate by reference any part of your prior complaint.   LRCiv 15.1(a)(2).   **Any allegations or defendants not included in the amended complaint are considered dismissed**.   All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.   <u>Exhibits</u>.   You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.   You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.   <u>Letters and Motions</u>.   It is generally inappropriate to write a letter to any judge or the staff of any judge.   The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.   Completing the Civil Rights Complaint Form.

**HEADING:**

1.   Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.   Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.   Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.   JURISDICTION:**

1.   Nature of Suit. Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "*Bivens v. Six Unknown Federal Narcotics Agents*" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.   Location.  Identify the institution and city where the alleged violation of your rights occurred.

3.   Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.   Insert the additional page(s) immediately behind page 2.

**Part B.   PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.   Print all of the requested information about each lawsuit in the spaces provided. If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.   Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.   CAUSE OF ACTION:**

You must identify what rights each defendant violated.   The form provides space to allege three separate counts (**one violation per count**).   If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.   Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.   Remember that you are limited to a total of fifteen additional pages.

1.   <u>Counts</u>.   You must identify which civil right was violated.   **You may allege the violation of only one civil right per count**.

2.   <u>Issue Involved</u>.   Check the box that most closely identifies the issue involved in your claim.   **You may check only one box per count**.   If you check the box marked "Other," you must identify the specific issue involved.

3.   <u>Supporting Facts</u>.   After you have identified which civil right was violated, you must state the supporting facts.   Be as specific as possible.   You must state what each individual defendant did to violate your rights.   If there is more than one defendant, you must identify which defendant did what act.   You also should state the date(s) on which the act(s) occurred, if possible.

4.   <u>Injury</u>.   State precisely how you were injured by the alleged violation of your rights.

5.   <u>Administrative Remedies</u>.   You must exhaust any available administrative remedies before you file a civil rights complaint.   *See* 42 U.S.C. § 1997e.   Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.   If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.   REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.   Failure to sign the complaint will delay the processing of your action.   Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

## FINAL NOTE

You should follow these instructions carefully.   Failure to do so may result in your complaint being stricken or dismissed.   All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages. But the form must be completely filled in to the extent applicable.   If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

4

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,
(Full Name of Plaintiff)

                Plaintiff,

v.

(1) _____ ,
(Full Name of Defendant)

(2) _____ ,

(3) _____ ,

(4) _____ ,

              Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

**CASE NO.** _____
             (To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT**
**BY A PRISONER**

☐ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A.   JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).
        ☐ Other: _____ .

2.    Institution/city where violation occurred: _____ .

Revised 3/11/16                       1

**550/555**

## B.   DEFENDANTS

1.   Name of first Defendant: _____.   The first Defendant is employed as: _____ at_____.
(Position and Title)                                                    (Institution)

2.   Name of second Defendant: _____.   The second Defendant is employed as: as: _____ at_____.
(Position and Title)                                                    (Institution)

3.   Name of third Defendant: _____.   The third Defendant is employed as: _____ at_____.
(Position and Title)                                                    (Institution)

4.   Name of fourth Defendant: _____.   The fourth Defendant is employed as: _____ at_____.
(Position and Title)                                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.   PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.   If yes, how many lawsuits have you filed? _____.   Describe the previous lawsuits:

   a.   First prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

   b.   Second prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

   c.   Third prior lawsuit:
      1.   Parties: _____ v. _____
      2.   Court and case number: _____.
      3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
         _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.   CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____

_____.

2.   **Count I**.   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities        ☐ Mail               ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings ☐ Property           ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count I.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                      ☐ Yes     ☐ No
   b.   Did you submit a request for administrative relief on Count I?         ☐ Yes     ☐ No
   c.   Did you appeal your request for relief on Count I to the highest level?   ☐ Yes     ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

3

**COUNT II**

1. State the constitutional or other federal civil right that was violated: _____
_____.

2. **Count II.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
   ☐ Basic necessities          ☐ Mail                    ☐ Access to the court          ☐ Medical care
   ☐ Disciplinary proceedings   ☐ Property                ☐ Exercise of religion         ☐ Retaliation
   ☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3. **Supporting Facts.**   State as briefly as possible the FACTS supporting Count II.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4. **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                 ☐ Yes      ☐ No
   b. Did you submit a request for administrative relief on Count II?                    ☐ Yes      ☐ No
   c. Did you appeal your request for relief on Count II to the highest level?          ☐ Yes      ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
   _____.

## COUNT III

1.   State the constitutional or other federal civil right that was violated: _____

_____.

2.   **Count III.**   Identify the issue involved.   Check **only one**.   State additional issues in separate counts.
☐ Basic necessities              ☐ Mail                    ☐ Access to the court         ☐ Medical care
☐ Disciplinary proceedings       ☐ Property                ☐ Exercise of religion        ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**   State as briefly as possible the FACTS supporting Count III.   Describe exactly what **each Defendant** did or did not do that violated your rights.   State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**   State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                                          ☐ Yes      ☐ No
   b.   Did you submit a request for administrative relief on Count III?              ☐ Yes      ☐ No
   c.   Did you appeal your request for relief on Count III to the highest level?   ☐ Yes      ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.   _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.   REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____           _____
               DATE                                   SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)



_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.   If you need more space, you may attach no more than fifteen additional pages.   But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.